**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| In re:<br><br>MARK JEROME HOLCOMBE,<br><br>　　Debtor. | Case No.  05-14779-RGM<br>(Chapter 7) |
| HIGHGROVE, LC,<br><br>　　Plaintiff,<br><br>vs.<br><br>MARK JEROME HOLCOMBE,<br><br>　　Defendant. | Adv. Proc. No. 06-1041 |

## Memorandum Opinion

This case is before the court on numerous pleadings filed by Mark Jerome Holcombe, the debtor, and Highgrove, LC, a creditor.[1] In essence, Highgrove is attempting to correct a pleading error – filing an objection to the dischargeability of its debt as a motion in the bankruptcy case rather than as a complaint commencing an adversary proceeding – while the debtor is seeking to avoid defending the objection on its merits by having the motion dismissed as the wrong procedural

---

[1] Highgrove's Motion to Consolidate (Docket Entry 25) filed on February 13, 2006 in Case No. 05-14779; Debtor's Opposition to Motion to Consolidate (Docket Entry 30) filed on February 22, 2006 in Case No. 05-14779; Highgrove's Motion to Consolidate (Docket Entry 5) filed on February 13, 2006 in Adversary Proceeding No. 06-1041; Highgrove's Memorandum in Support (Docket Entry 15) filed on March 27, 2006 in Adversary Proceeding No. 06-1041; Debtor's Motion to Strike (Docket Entry 27) filed on February 14, 2006 in Case No. 05-14779; Highgrove's Objection to Motion to Strike (Docket Entry 29) filed on February 21, 2006 in Case No. 05-14779; Debtor's Motion to Dismiss (Docket Entry 7) filed on February 27, 2006 in Adversary Proceeding No. 06-1041; and Highgrove's Opposition to Motion to Dismiss (Docket Entry 13) filed on March 7, 2006 in Adversary Proceeding No. 06-1041.

-1-

method in which to present the objection and having the complaint dismissed as filed untimely. For the reasons stated below, Highgrove's motions to consolidate will be granted and the debtor's motion to strike and motion to dismiss will be denied.

## I. Facts

The debtor filed a petition under chapter 7 of the Bankruptcy Code on October 13, 2005. Highgrove was served with the notice of the meeting of creditors on October 23, 2005. The notice stated that the 341 meeting would be held on November 22, 2005 and that January 23, 2006 was the deadline to file a complaint objecting to the discharge of the debtor or a particular debt.

On January 23, 2006, Highgrove filed a motion in the main bankruptcy case objecting to the discharge of its debt under §523(a)(4). In the motion, Highgrove asserted that the debtor defrauded it while serving in a fiduciary capacity and that pursuant to a settlement agreement resolving the matter, it obtained a monetary judgment against the debtor in the Circuit Court of Fairfax County, Virginia.

On January 30, 2006, the debtor received a discharge and the clerk's office sent Highgrove a deficiency notice. On January 31, 2006, Highgrove re-filed its motion as an adversary proceeding. The complaint was accompanied by an adversary proceeding cover sheet and the requisite filing fee.

## II. Discussion

Section 523(a)(4) provides that a discharge under §727 does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. §523(a)(4). However, debts specified in §523(a)(4) are discharged "unless, on request of the

creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge . . ." 11 U.S.C. §523(c). Thus, debts for fraud while acting in a fiduciary capacity are discharged unless the creditor to whom such a debt is owed requests, and prevails on the request, that the debt be excepted from discharge.

### A.  Commencement of a Case

Bankruptcy Rule 4007(c) specifies the procedure a creditor must follow when seeking a determination of nondischargeability. The rule states "A complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Fed.R.Bankr.P. 4007(c). In order to obtain an extension of this deadline, a creditor must file a motion for an extension before the 60-day deadline. Fed.R.Bankr.P. 4007(c).

Bankruptcy Rule 7008 sets forth the requirements for filing a complaint. It makes Rule 8 of the Federal Rules of Civil Procedure applicable to adversary proceedings. Rule 8 states:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a). In addition, Rule 7008 requires that pleadings "contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates . . . ."[2] Fed.R.Bankr.P. 7008.

Highgrove filed a complaint in Adversary Proceeding No. 06-01041 eight days after the 60-day period expired. The issue before the court is whether the motion objecting to discharge filed by Highgrove in the main case when combined with the tardily filed adversary proceeding is sufficient to meet the deadline in Rule 4007(c).

Where a party files a pleading in the form of a contested matter prior to the deadline in Rule 4007(c) followed by an "untimely but stylistically proper" complaint, courts weigh competing factors in determining whether the complaint "may relate back to the original pleading for purposes of Rule [4007(c)]."[3] *In re Pagan*, 282 B.R. 735, 738 (Bankr.D.Mass. 2002).

> Generally the time limitations set forth in the bankruptcy rules should be strictly enforced so that they may serve their dual purpose of ensuring swift administration of the bankruptcy estate, and allowing debtors a "fresh start" and a sense of "finality and certainty in relief from financial distress as quickly as possible." *Evans v. Pace*

---

[2] Rule 7008 reads in full:

Rule 8 Fed.R.Civ.P. applies in adversary proceedings. The allegation of jurisdiction required by Rule 8(a) shall also contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates and to the district and division where the case under the Code is pending. In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge.

[3] Rule 15 of the Federal Rules applies to adversary proceedings pursuant to Bankruptcy Rule 7015. It states:

An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed.R.Civ.P. 15.

"As a general proposition of law, leave to amend a pleading should be liberally granted unless a compelling reason, such as prejudice to an opposing party, exists." *In re Bozeman*, 226 B.R. 627, 630 (B.A.P. 8th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L.Ed 2d 222, 83 S.Ct. 227 (1962).

> *(In re Pace),* 130 B.R. 338, 340 (Bankr. N.D. Fla. 1991). The deadlines also ensure due process by requiring prompt notification of any objections so that debtors may have ample time to prepare their answer and defense. *In re Sherf,* 135 B.R. 810, 812 (Bankr. S.D. Tex. 1991).
>
> However, the policy of finality and expediency must be balanced against principles of equity so that "'fraud will not prevail, . . . substance will not give way to form [and] . . . technical considerations will not prevent substantial justice from being done.'" *In re Pace*, 130 B.R. at 340 (citing to *In re N. Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985). Commensurate with this policy, federal courts are ["]hesitant to issue orders depriving parties from obtaining a hearing on the merits of their claims.["] . . . *In re Tomczak*, 2000 WL 33728176 at 1 (E.D.Pa. 2000).

*Id*.[4] This is consistent with Rule 8(f) which states that "pleadings shall be construed so as to do substantial justice." Fed.R.Civ.P. 8(f).

In balancing these competing principles, courts generally allow an untimely complaint to relate back to a timely filed pleading, "if the pleading substantially complies with the requirements of a complaint by giving the debtor 'fair notice of what the plaintiff's claim is and the grounds upon which is rests.'" *In re Dominguez*, 51 F.3d 1502, 1508 (9th Cir. 1995) (citation omitted) (giving effect to a "Discharge Memorandum" which challenged the dischargeability of a debt under §1143(d)(3)). Generally, if a motion objecting to discharge is filed before the deadline in Rule 4007(c),[5] courts will consider it sufficient to meet the pleading requirements of Rule 7008 if it gives the debtor notice of the plaintiff's claim. *See, e.g., In re Pagan*, 282 B.R. 735 (Bankr.D.Mass. 2002); *In re Pace*, 130 B.R. 338 (Bankr.N.D.Fla. 1991) (finding that a timely filed "Objection to Discharge" and the subsequent submission of a corrected complaint was sufficient to meet the

---

[4] This rationale has been applied to the deadlines in Rule 4003(b) (objecting to a claim of exemptions), Rule 4004(a) (objecting to the debtor's discharge under § 727(a)), and Rule 4007(c) (objecting to the discharge of a particular debt under §523(c)).

[5] Rule 4004(a) contains a similar deadline for complaints objecting to a debtor's discharge under §727(a). Courts apply the same standard when determining whether a party has complied with the deadline.

pleading requirements); *In re Schwartz*, 64 B.R. 948 (Bankr.S.D.N.Y. 1986) (giving effect to a letter sent to the court by a pro se creditor that objected to the dischargeability of a debt under §523(c) because the letter stated that it was a complaint, referenced the applicable Bankruptcy Code section and contained the names of the plaintiff, defendants, bankruptcy court, and case numbers). *But see In re Markus*, 313 F.3d 1146, 1149-1150 (9th Cir. 2002) (holding that the "Motion to Object to Debtors Discharge" did not qualify as a deficient complaint because neither the title of the motion nor its "conclusory allusions to pre-debt fraud" were sufficient to put the debtor on notice of the creditor's objection to discharge); *In re Bozeman*, 226 B.R. 627 (B.A.P. 8th Cir. 1998) (upholding bankruptcy court's refusal to allow amended complaint to relate back to (1) motions requesting an extension of time to file complaint objecting to discharge, (2) an adversary proceeding cover sheet stating such intent, and (3) complaints which were transferred from the district court to the bankruptcy court).

Courts usually find pleadings that do not object to discharge, such as a motion for relief from stay, to be insufficient to meet the requirements of Rule 7008. *See e.g., In re Marino*, 37 F.3d 1354 (9th Cir. 1994) (holding that the plaintiff's "opposition to sale" did not substantially comply with the pleading requirements because it did not demand a judgment of nondischargeability, was not captioned as a pleading, and did not state whether the proceeding was core or non-core); *In re McGuirt*, 879 F.2d 182 (5th Cir. 1989) (complaint could not relate back to the plaintiff's relief from stay motion).

Highgrove filed a motion titled "Highgrove, LC's Objection to Discharge of Debt" on January 23, 2006, the deadline for objecting to dischargeability. The motion requested that the court not discharge the debt owed to Highgrove and cited 11 U.S.C. §523(a)(4) as authority for its request.

Case 06-01041-RGM    Doc 19    Filed 05/18/06    Entered 05/18/06 15:16:17    Desc Main
                            Document      Page 7 of 10

It alleged that the movant obtained a judgment against the debtor as a result of a settlement agreement resolving a complaint filed in the Circuit Court of Fairfax County which alleged fraud and breach of fiduciary duty. The Bill of Complaint from the state court litigation was attached to the motion. The motion also summarized the alleged facts that gave rise to the movant's objection to discharge. The motion alleged that the debtor worked as project manager and superintendent for the movant and that the debtor used this capacity to hire and over-compensate a subcontractor in which the debtor had an ownership interest while failing to disclose his conflict of interest. The motion clearly put the debtor on notice of the creditor's nondischargeability claim and satisfies the requirements in Rule 8.

### B.  Filing Fee

As an additional timeliness challenge to Highgrove's complaint, the debtor seeks to dismiss the complaint for failure to comply with Local Rule 5005-1(D)(2). The local rule states that "[e]ach complaint commencing an adversary proceeding must be accompanied by: (a) the proper filing fee, and (b) a properly completed Adversary Proceeding Cover Sheet (Form B 104)." Local Bankruptcy Rule 5005-1(D)(2). The debtor notes that the local rule also states that "[t]he Clerk shall reject any petition, pleading, or other paper not accompanied by the proper filing fee." Local Bankruptcy Rule 5005-1(F). The debtor relies on *In re Mulvaney*, 179 B.R. 806 (Bankr.E.D.Va.1995) for the proposition that a complaint should be dismissed as untimely unless the pleading, filing fee, and adversary proceeding cover sheet are filed with the clerk prior to the deadline in Rule 4007(c). In *Mulvaney,* the creditor timely filed two complaints with adversary proceeding cover sheets, but tendered the filing fees one day and two days after the deadline. The court dismissed the complaints.

The court noted that the deadline in Rule 4007(c) is not subject to extension for excusable neglect and refused to exercise its equitable powers to extend the deadline since no unique circumstances existed to justify the creditor's delay.

The creditor in this case raises arguments not raised in *Mulvaney*. He argues that the local rule must be read in conjunction with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure. In particular, he relies on Fed.R.Bankr.P.7003 which incorporates Fed.R.Civ.P. 3. Rule 3 states, "A civil action is commenced by filing a complaint with the court." It does not require the payment of a filing fee or the filing of a statistical cover sheet. In addition, Rule 5 of the Federal Rules of Civil Procedure (made applicable to the Federal Rules of Bankruptcy Procedure by Rule 7005) states that "[t]he clerk shall not refuse to accept for filing any paper presented . . . solely because it is not presented in proper form as required by these rules or by any local rules or practices." Fed.R.Civ.P. 5. This provision is generally interpreted to mean that "filing takes place when the documents are tendered to the court clerk, local rules notwithstanding." *See, e.g., New Boston Dev. Co. v. Toler (In re Toler),* 999 F.2d 140, 141-142 (6th Cir. 1993) (complaint to challenge dischargeability under §523(c) deemed timely filed notwithstanding the plaintiff's failure to timely file the summons as required by the local rules);[6] *McDowel v. Delaware*

---

[6] The Sixth Circuit explained that: "Prior to December 1, 1991, exactly what steps were required to 'file' a document with the court was a matter of much controversy and ambiguity . . . . Effective December 1, 1991, however, Rule 5 of the Federal Rules of Civil Procedure has been amended to provide, in pertinent part: 'The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.' Therefore, as of December 1, 1991, filing of a complaint under the Federal Rules of Civil Procedure, which are incorporated into the Bankruptcy Rules under Bankruptcy Rule 7005, is accomplished when the complaint is delivered to the clerk of the appropriate court." *In re Toler,* 999 F.2d at 141-142 (citations omitted). In addition, the advisory committee notes reflect that Rule 5 was enacted to clarify that the clerk's office should not have the authority to reject papers filed with the court. The notes state: "Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular
(continued...)

*State Policy*, 88 F.3d 188, 199 (3rd Cir. 1996) (allowing plaintiff's complaint to relate back to the date on which the clerk received the plaintiff's papers notwithstanding the late filing fee, because there was no evidence that the plaintiff had delayed in bad faith or that the defendants were prejudiced by the delay); *In re Sherf*, 135 B.R. 810 (Bankr.S.D.Tex. 1991). *But see Somlyo v. J. Lu-Rob Enter., Inc.*, 932 F.2d 1043 (2d. Cir. 1991) (finding that the local rules and not Rule 5 determine the timeliness of a notice of removal, but that a district court has discretion to depart from its own local rules if fairness requires).

Local Bankruptcy Rules 5005-1(D)(2) and 5005-1(F) supplement Fed.R.Bankr.P. 7005 to make clear when the filing fee must be paid, but because they cannot contradict Fed.R.Civ.P. 5, should not be construed so as to change the time when a complaint is filed.[7] The procedure adopted by this court for deficient filings is for the clerk to issue a deficiency notice requiring the party to cure the deficiency within ten days. LBR 5005-1(E). If it is not timely cured, the clerk will dismiss the complaint. This procedure was followed in this case and the deficiencies were immediately cured.

The better understanding of the Local Bankruptcy Rules concerning the failure to pay filing fees in full at the time a complaint is filed, is that the filing fee is due at the time that the complaint is filed, but if it is not paid in full at that time, he will issue a deficiency notice under LBR 5005-1(E). If the filing fee is not fully paid within the 10-day period, the clerk may dismiss the pleading

---

[6](...continued)
instrument is not in proper form, and may be directed to so inform the court." *Kirkley v. Emory (In re Emory)*, 219 B.R. 703, 707 (Bankr.D.S.C. 1998) (citing Fed.R.Civ.P. 5(e) Advisory Committee Notes; 1991 Amendments).

[7]Bankruptcy Rule 9029 grants district courts the power to authorize bankruptcy judges to make local rules subject to the limitations in Federal Rule 83. Rule 83 mandates that local rules be consistent with the Federal Rules.

under LBR 5005-1(F). The date the complaint if filed is the date the case is commenced, even if the filing fee is paid later.

Highgrove's complaint was timely filed notwithstanding that the filing fee was paid late. This result furthers the purposes of the rules. The creditor acted in good faith albeit with a mistaken understanding of procedure. When the clerk's office notified counsel of the deficient filing, counsel immediately cured the deficiencies. Highgrove's motion objecting to dischargeability under §523 gave the debtor timely notice of the accusations against him. He is not unduly prejudiced and is not deprived of his due process rights.[8] To hold otherwise in this case, would unduly force substance to give way to form and give the debtor a potential for a windfall.

Alexandria, Virginia
May 18, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Gregory H. Counts
Thomas P. Gorman
Jeffrey A. Vogelman

12941

---

[8] When asked about the prejudice the debtor would suffer if the motion to dismiss were denied, counsel could identify no prejudice other than not being able to benefit from the bar date established by Rule 4007(c).